Francis O. Whitby and Nancy Whitby, Plaintiffs-Appellants, v. Associates Discount Corporation, a Foreign Corporation, and Rossetter Motor Co., an Illinois Corporation, Defendants-Appellees.

Gen. No. 64–36.

Third District.

May 13, 1965.

Rehearing denied June 8, 1965.

John A. Slevin and Elmo E. Koos, of Peoria, for plaintiffs-appellants.

Willard B. Gaskins and Harry H. Sonnemaker, Jr., of Peoria, for Associates Discount Corporation; John D. Thomason and Jack A. Brunnenmeyer, of Peoria, for Rossetter Motor Co., defendants-appellees.

CORYN, J.

This is an appeal by the plaintiffs, Francis O. Whitby and Nancy Whitby, from an order of the Circuit Court of Peoria County, dismissing their complaint for failure to state a cause of action.

Plaintiffs' complaint contains two counts, Count I seeking recovery for libel and slander against Associates Discount Corporation and Rossetter Motor Company, defendants, and Count II seeking recovery for malicious conversion against Associates Discount Corporation, defendant.

According to the plaintiffs' complaint, this controversy arose out of a transaction between the plaintiffs and Rossetter Motor Company, wherein these parties, on October 5, 1962, executed a conditional sales contract. This contract provided for the purchase by plaintiffs from Rossetter of a 1963 automobile for a price of $2,893.30, which sum was to be paid in 36 monthly installments of $70.10, the first payment to be on December 9, 1962. Rossetter assigned this contract to Associates Discount Corporation who thereafter, with the knowledge and consent of Rossetter Motor Company, but without that of plaintiffs, changed the first installment payment date to November 9, 1962. When the plaintiffs failed to make the payment on November 9, 1962, Associates Discount Corporation declared the contract in default, repossessed the automobile, and sold it on November 28, 1962, at public auction. On December 5, 1962, Associates notified the plaintiffs of the sale and advised plaintiffs of a deficiency balance of $282.10. Thereafter, Associates, either verbally or by written instrument, gave notice to the Credit Bureau of Greater Peoria of the alleged deficiency. In Count I the plaintiffs allege that the giving of this notice to the Credit Bureau of Greater Peoria constituted libel and/or slander, and as a result thereof plaintiffs' good reputation for the payment of debts was severely damaged. There was no allegation in Count I that plaintiffs were prejudiced in their trade or profession, nor is there any allegation of special damages.

In Count II, plaintiffs allege that the repossession and sale of the automobile while the plaintiffs were not in default under the terms of the conditional sales contract, constituted a malicious conversion by Associates, for which the plaintiffs are entitled to damages. Count II alleges the ownership of the automobile in

339

the plaintiffs subject to the conditional sales contract, and also alleges that the plaintiff was given a trade-in allowance of $369.70 by Rossetter on the purchase of the new automobile.

Defendants argue that Count I for libel and slander is insufficient in law because it fails to allege that the plaintiffs were engaged in a business or profession which was prejudiced by the alleged defamation, and that Count I also fails to allege any special damages. With respect to Count II, it is defendant's theory that this count fails to state a cause of action for malicious conversion, because the complaint alleges no title or property interest of the plaintiffs in the automobile which could be converted.

■ A defamation is the publication of anything injurious to the good name or reputation of another, or which tends to bring him into disrepute. Restatement of Law, Torts, Vol 3, § 559, states that "a communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons in associating or dealing with him." A defamation designed for visual perception is a libel; an oral defamation is a slander.

■ Under Illinois common law, there are five classes of words which give rise to a cause of action for slander if falsely communicated. The five classes of words are as follows:

1. Those imputing the commission of a criminal offense;
2. Those imputing infection with a communicable disease of any kind which, if true, would tend to exclude one from society;
3. Those imputing inability to perform or want of integrity in the discharge of duties of office or employment;
4. Those prejudicing a particular party in his profession or trade;

340

5. Defamatory words, which though not in themselves actionable, occasion the party special damages.

Wright v. F. W. Woolworth Co., 281 Ill App 495, at 498, and Hudson v. Slack Furniture Co., 318 Ill App 15, at 20, 47 NE2d 502.

█ If the false words, by their plain, ordinary meaning, and without resort to innuendo, impute anything within the first four offensive categories, the slander is one per se requiring no allegation or proof of special damages. If, however, a construction of the words is necessary to demonstrate injurious meaning, the slander cannot be per se, for a defamation can never be per se if the words themselves are capable of innocent construction. Archibald v. Belleville News Democrat, 54 Ill App2d 38, 203 NE2d 281.

█ In instances where the ordinary meaning of the words themselves is hurtful, but the words do not impute anything within the first four offensive categories, as aforesaid, the slander is per quod, and proof of special pecuniary damages is necessary to sustain a recovery. The requirements of actionable defamation are strict in the interest of protection of free expression.

A majority of American jurisdictions apply the rules applicable to slander to libel as well. Prosser, Law of Torts, Vol 3 (2d Ed 1955) at 587. Thus, a written publication of false words in order to be libelous per se must, in these jurisdictions, by their plain, unambiguous and ordinary meaning, and without resort to innuendo or construction, be injurious on their face and impute some matter falling within the first four categories of offensive material as, in the case of oral utterances, would constitute slander per se. Any other kind of libel is regarded as one per quod, and, like slander, in every instance requires allegations and proof of special damage.

341

The allegations of Count I of plaintiff's complaint are vague and merely state that Associates, either verbally or by written instrument, gave notice to the Credit Bureau of Greater Peoria of said alleged deficiency, and that said Credit Bureau did in turn, either verbally or by written instrument, notify other businesses and merchants in the Greater Peoria area that the plaintiffs are unworthy of credit.

33 Am Jur, Libel and Slander, § 60, states:

> "As respects a charge of failure to pay debts, without any imputation of insolvency, it seems to be settled that a writing containing the mere statement that a person who was not a trader or merchant or engaged in any vocation wherein credit is necessary for the proper and effectual conduction of his business, owes a debt and refuses to pay or owes a debt which is long past due, is not libelous per se, and does not render the author or publisher of such statement liable without proof of special damages. . . ."

In Hudson v. Slack Furniture Co., 318 Ill App 15, 47 NE2d 502, it was held that without an allegation and proof of special damages, a forged wage assignment sent by defendant to plaintiff's employer was not libelous per se, as the publication of this wage assignment, which implied the failure of plaintiff to pay his debts, would not affect or touch him in his capacity as a telegrapher.

In Parmelee v. Hearst Pub. Co., Inc., 341 Ill App 339, 93 NE2d 512, a complaint was filed charging that the defendant had published an article which imputed that plaintiff was a Communist. The Appellate Court approved the dismissal of this cause on defendant's motion for want of cause of action for the reason that

the alleged defamatory matter was not libelous per se, and that the plaintiff had failed to allege special damages.

■ Accordingly, in the absence of any allegation of special damage and allegation that plaintiffs were prejudiced in their trade or profession, the alleged defamatory matter, whether oral or written, to the effect that the plaintiffs in this case "are unworthy of credit" is not defamatory per se. Count I of the plaintiffs' complaint, therefore, fails to state a cause of action for libel or slander, and the order dismissing this count was correct.

■ The second issue in this appeal relates to the question of whether Count II of plaintiffs' complaint alleges facts sufficient to state a cause of action for malicious conversion against Associates. Defendant argues that Count II is insufficient for failure to allege title or special property interest in the plaintiffs. In Johnson v. Commercial Credit Corp., 339 Ill App 122, 88 NE2d 737, the plaintiff brought an action in detinue to recover the value of an automobile unlawfully repossessed by the defendant, and for special damages for this alleged detention. The court in this case on p 125 stated:

> "Defendant also urges that in order to maintain the instant action, plaintiff would have to show a general or special property right in the automobile. Upon this question, the evidence discloses that plaintiff had paid $800 on account of the purchase price, and had made improvements on the car costing $180. Unless he was in default, or the defendant was justified in taking possession under the insecurity clause, plaintiff was entitled to retain possession of the car, therefore right of action accrued."

Count II of plaintiff's complaint alleges ownership and possession of the automobile in the plaintiffs, subject to the conditional sales contract, and explicitly alleges that the plaintiff had paid $369.70 on account of the purchase price of said automobile. We are, therefore, of the opinion that the court erred in dismissing Count II of plaintiff's complaint.

Reversed in part and remanded.

ALLOY, P. J. and STOUDER, JR. J., concur.