WILLIAM IRVING, Plaintiff-Appellant, *v.* J. L. MARSH, INC., Defendant-Appellee.

Third District   No. 76-6

Opinion filed February 28, 1977.

Joe Billy McDade, of Hafele & McDade, P. C., of Peoria, for appellant.

Rex K. Linder, of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, William Irving, brought this action to recover for damages from the defendant, J. L. Marsh, Inc. All the counts of the complaint were eventually dismissed by the circuit court of Peoria County pursuant to defendant's motions and plaintiff appeals.

The plaintiff in this action is a black college student majoring in architecture at the University of Illinois. Prior to the day on which the objectionable conduct occurred, plaintiff had purchased merchandise from defendant's retail store, operated in Peoria, Illinois, under the trade name "Musicland." On June 17, 1974, plaintiff went back to the Musicland store to return the merchandise previously purchased and to obtain a refund of the purchase price. In connection with the refund transaction, a salesman at the store required plaintiff to sign, as a condition of the refund, a so-called "Sales Reduction Slip," consisting of several copies. Prior to presenting the reduction slip to plaintiff for his signature, the defendant's salesman had written on the slip the following notation: "Arrogant Nigger refused exchange—says he doesn't like products." Plaintiff was then required to affix his signature on the reduction slip to obtain a refund. The foregoing incident formed the basis for each of the four counts in plaintiff's complaint.

The first count of the complaint alleged a cause of action in libel without any allegation of malice or special damages. The second count of the complaint was also based on a libel theory without any allegation of special damages, but did allege malice on the part of defendant's salesman and sought punitive damages therefore. Recovery was sought in the third count for intentional infliction of severe emotional distress and the fourth count of the complaint premised a cause of action upon section 20 of article 1 of the 1970 Illinois Constitution. On August 29, 1975, the third and fourth counts were dismissed with prejudice and the first and second counts were dismissed with leave to amend. Count two was amended to include a claim that the alleged conduct violated section 27—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 27—1), a criminal libel statute. The amended complaint failed to include any allegation of special damages. Plaintiff chose to stand on the amended complaint and on October 17, 1975, counts one and two were also dismissed with prejudice.

■■■ Section 20 of article 1 of the Illinois Constitution of 1970, which forms the basis for the alleged cause of action set forth in the fourth count of plaintiff's complaint, contains the following language:

> "To promote individual dignity, communications that portray criminality, depravity or lack of virtue in, or that incite violence, hatred, abuse or hostility toward, a person or group of persons by

reason of or by reference to religion, racial, ethnic, national or regional affiliations are condemned." (Ill. Const. 1970, art. I, §20.)

We agree with plaintiff that section 20 is a clear expression of the public policy in this State. But, however laudatory or commendable the purposes or policies expressed by these words are, section 20 was never intended to establish any new cause of action. The following passage from the Bill of Rights Committee Report, which is set out in the Constitutional Commentary to section 20, clearly demonstrates this:

> "The provision creates no private right or cause of action, and it imposes no limitation on the powers of Government. It is purely hortatory, 'a constitutional sermon.' Like a preamble, such a provision is not an operative part of the Constitution. It is included to serve a teaching purpose, to state an ideal or principle to guide the conduct of government and individual citizens." (Ill. Ann. Stat., 1970 Const., art. I, § 20, Constitutional Commentary, at 676 (Smith-Hurd 1971).)

We are unable to disregard such a clear and concise expression of intent. The drafters of our 1970 constitution recognized that to impose as law certain ideals, however honorable, might create too great a burden for an imperfect society. We therefore hold that no cause of action for defendant's conduct is created by section 20.

In the first count of the complaint, plaintiff sought recovery based on the law of libel. It is plaintiff's contention that the words written by the salesman are libel *per se* and therefore no allegation or proof of special damages is needed. Upon an analysis of the law of libel in Illinois, we must disagree with this contention. In *Whitby v. Associates Discount Corp.*, 59 Ill. App. 2d 337, 207 N.E.2d 482 (3d Dist.), this court adopted a rule which stated that the same set of standards governs both the law of libel and slander. Unless the defamatory statement comes within one of the four specific categories, an allegation and proof of special damages is needed. The so-called *Whitby* rule has been generally adopted by all other Illinois appellate districts as the law of the State. (See *Coursey v. Greater Niles Township Publishing Corp.*, 82 Ill. App. 2d 76, 227 N.E.2d 164 (1st Dist.), *aff'd*, 40 Ill. 2d 257, 239 N.E.2d 837; *Coffey v. MacKay*, 2 Ill. App. 3d 802, 277 N.E.2d 748 (2d Dist.); *Stanley v. Taylor*, 4 Ill. App. 3d 98, 278 N.E.2d 824 (4th Dist.), and *Tunnell v. Edwardsville Intelligencer, Inc.*, 99 Ill. App. 2d 1, 241 N.E.2d 28 (5th Dist.), *rev'd on other grounds*, 43 Ill. 2d 239, 252 N.E.2d 538.) This rule has also been recognized by the Seventh Circuit Court of Appeals as the law of Illinois. (See *Skolnick v. Campbell* (7th Cir. 1968), 398 F.2d 23.) While the Illinois Supreme Court has never been presented with a direct challenge to the *Whitby* rule, it has been impliedly approved by its decision affirming the

First District Appellate Court in *Coursey v. Greater Niles Township Publishing Corp.*, 40 Ill. 2d 257, 239 N.E.2d 837.

■■ Plaintiff urges us to reconsider the scope and exclusiveness of the four categories of *per se* defamation adopted in the *Whitby* rule and hold that while defendant's conduct does not come within the literal meaning of any of the four categories, it is nevertheless defamatory *per se.* Defendant's conduct was abuse, offensive, and indecent, but we do not believe it comes within any of the four categories of defamation *per se,* nor is the character of the words sufficiently injurious to plaintiff's reputation that they should be included in the rule as defamatory *per se.* In arguing that the mere fact the words were written and not spoken may suffice to elevate the words into the *per se* category, plaintiff fails to recognize that the rule equating libel *per se* with slander *per se* was designed in part to remove the somewhat illogical inconsistencies that existed within the law of defamation. (See *Whitby v. Associates Discount Corp.*, 59 Ill. App. 2d 337, 207 N.E.2d 482 (3d Dist.).) Without an allegation of special damages, the first count of the complaint was properly dismissed.

■■ Count two of the amended complaint was essentially the same as the first count, but added an allegation that plaintiff was an architecture student and the words imputed to him an inability to perform the duties of his course of study and in his chosen profession. By so amending his complaint to add the foregoing, plaintiff sought to bring himself within the *per se* category of defamation which proscribes words imputing an inability to perform or want of integrity in discharge of duties of office or employment. (*Whitby v. Associates Discount Corp.*, 59 Ill. App. 2d 337, 207 N.E.2d 482 (3d Dist.).) In arguing that the racial slur "nigger" implies that an individual is generally lacking in the virtues of honesty, intelligence or creativity, we believe plaintiff attributes a definition to the words that is far in excess of its meaning. The words used by defendant's salesman do not impute an inability to perform or want of integrity in the discharge of the duties of office or employment. The amended second count also pleaded section 27—1 of the Illinois Criminal Code which proscribes criminal defamation, in an apparent attempt to use the law of criminal defamation to establish the standard for a civil action. (Ill. Rev. Stat. 1975, ch. 38, par. 27—1.) While certain criminal statutes set standards which may have application in a civil action, typical of which are the motor vehicle statutes, we do not believe the criminal defamation statute is available for use by a plaintiff in civil litigation.

■■ Perhaps the most difficult issue to resolve concerns the plaintiff's claim of intentional infliction of severe emotional distress. Plaintiff asserts that under the lineage of cases headed by *Knierim v. Izzo*, 22 Ill. 2d 73, 174 N.E.2d 157, sufficient facts have been alleged to withstand

defendant's motion to dismiss. The question is whether the conduct alleged by plaintiff is sufficiently severe enough to come within the rule announced in *Knierim* and entitle plaintiff to have a jury resolve the issue. Under the law in Illinois, as defined by *Knierim* and developed by its progeny, we do not believe that defendant's conduct possessed the degree of severity that is necessary to establish a cause of action for intentional infliction of severe emotional distress. While the derogatory and highly offensive character of defendant's actions is not condoned by this court, the law, in its present state, does not permit recovery for the humiliation plaintiff was forced to endure. (See generally *Slocum v. Food Fair Stores of Florida, Inc.* (Fla. 1958), 100 So.2d 396.) For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.