**NATIONAL EDUCATIONAL ADVERTISING SERVICES, INC., a New York Corporation, Plaintiff,**

v.

**CASS STUDENT ADVERTISING INCORPORATED, a Florida Corporation, Defendant.**

No. 77 C 686.

United States District Court, N. D. Illinois, E. D.

Sept. 7, 1977.

John T. Cusack, George M. Covington, John W. Conniff, of Gardner, Carton & Douglas, Chicago, Ill., for plaintiff.

Jerald P. Esrick, H. Roderic Heard, Edward F. Ruberry, of Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

MEMORANDUM OPINION and ORDER

McGARR, District Judge.

Plaintiff National Educational Advertising Services, Inc. and defendant Cass Student Advertising Incorporated are both engaged in the business of representing college newspapers in placing national advertising therein. The complaint in this action alleges that certain statements concerning plaintiff's business practices and integrity were made by defendant to third parties. The three-count complaint alleges the statements involved are defamatory *per se* and constitute unfair competition and commercial disparagement. The case is before the court on defendant's motion to dismiss.

Defendant moves to dismiss Count I on the ground that the claim is couched in terms of strict liability and, therefore, insufficient under Illinois law. In support of that proposition, defendant relies on three cases involving the news media,[1] none of which is applicable to the factual situation at hand. Illinois law recognizes that certain statements, such as that involved in this case, can be defamatory *per se*. *E. g., Valentine v. North American Co. for Life & Health Ins.*, 16 Ill.App.3d 277, 305 N.E.2d 746 (1973) *aff'd* 60 Ill.2d 168, 328 N.E.2d 265 (1974). For the same reason, the motion with respect to special damages is denied. *See, Whitby v. Associates Discount Corp.*, 59 Ill.App.2d 337, 207 N.E.2d 482, 485 (1965).

---

1. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Time, Inc. v. Firestone*, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976); *Troman v. Wood*, 62 Ill.2d 184, 340 N.E.2d 292 (1975). Although defendant urges that *Troman* is not limited to media cases, we disagree with such a reading of the case.

■ Secondly, defendant urges that the rule of innocent construction controls in this situation. Plaintiff does not dispute the rule of law, but denies its applicability herein. The relevant allegation, which is taken as true for purposes of this motion, is as follows:

5. * * * On or about February 16, 1977, Alan Weisman, Chairman of the Board of CASS, in a malicious attempt to dissuade a third party representing Schlitz from doing business with NEAS, stated to such third party that a bid or quote received by the third party from NEAS for the Schlitz account was probably below NEAS' cost, and if so, that it might result in legal action by CASS against NEAS. Mr. Weisman stated that CASS intended to raise this matter in court. Further, Mr. Weisman stated to the third party that the financial standing and solvency of NEAS was suspect, and stated that any monies paid over by the third party to NEAS for Schlitz advertising placed in college newspapers may be wrongfully appropriated by NEAS, and not paid over to college newspapers represented by NEAS as required by its agreements with such newspapers.

Keeping in mind that the rule of innocent construction provides that if the words are capable of an innocent interpretation, they are non-actionable,[2] we must conclude that the words are not non-defamatory as a matter of law. The emphasis defendant places on certain words is misplaced when the statement is considered as a whole. Accordingly, the motion must be denied in this respect.

■ Count II of this complaint alleges a claim for unfair competition and tortious interference with business relationships. Specifically, it is alleged that slanderous statements were made and that as a result plaintiff may lose various accounts, and has incurred great expenses in avoiding that result.

The tort involved is correctly set forth by defendant as having the following elements: 1) the existence of a valid and enforceable contract; 2) defendant's knowledge of the existing contract; 3) intentional and malicious inducement of the breach; 4) the subsequent breach; and 5) damage to plaintiff. *E. g., Zamouski v. Gerrard*, 1 Ill.App.3d 890, 275 N.E.2d 429 (1971). There having been no subsequent breach, a necessary element of the tort is lacking. Although plaintiff asserts that any conduct rendering the performance of a contract more burdensome is actionable, *Illinois* law apparently is otherwise and requires a breach before a party may sue on the conduct, even though there may be damage sustained.

Further, with respect to Count II, plaintiff asserts that the law protects "unfair threats" of interference. In this respect, it is sufficient to note that while injunctive relief may be available for such threatened action, there is no allegation that defendant threatens to make any further statements. Rather, it is clear from Count II that the statement upon which plaintiff intends to proceed is a matter of the past. That being the case, and in light of the previous discussion, Count II fails to state a claim upon which relief can be granted, and is hereby dismissed.

■ Count III seeks to state a claim for commercial disparagement. Defendant moves to dismiss on the ground that there is no such cause of action in Illinois. Plaintiff has responded that the cause of action and remedy are set forth in the Uniform Deceptive Trade Practices Act, ch. 121½, Ill.Rev.Stat. §§ 311–317. However, the only remedy available thereunder is equitable relief, § 313. To the extent that Count III seeks injunctive relief, and assuming, of course, there is evidence of the likelihood of future disparaging remarks, Count III states a claim and may stand. Insofar as monetary damages are sought, the count fails to state a claim, as no such remedy exists under the Act and no such common law action exists therefor in Illinois.

2. *E. g., John v. Tribune Co.*, 24 Ill.2d 437, 181 N.E.2d 105 (1962).

In accordance with the foregoing, the motion of defendant Cass Student Advertising Incorporated to dismiss is denied with respect to Count I, granted with respect to Count II, and granted in part and denied in part with respect to Count III.