Maureen MADERY, Plaintiff,

v.

INTERNATIONAL SOUND TECHNI-CIANS, LOCAL 695 and International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Defendants.

No. CV 77–4340–AAH.

United States District Court,
C. D. California.

July 20, 1978.

Michael Worthington, Los Angeles, Cal., for plaintiff.

Finkel & Herring by David B. Finkel, Los Angeles, Cal., for defendant International Sound Technicians Local 695.

Geffner & Satzman by Howard Z. Rosen, Los Angeles, Cal., for defendant International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada.

## DECISION AND ORDER

HAUK, District Judge.

This matter arises upon plaintiff's "Motion to Amend and Supplement Complaint" and came on regularly for hearing on July 17, 1978. After considering this motion, all other pleadings filed in this case, including a "Stipulation Re Nonopposition To Plaintiff's Motion For Leave To File Second Amended Complaint," and all relevant principles of law, the Court, for the reasons specified below, hereby, despite the parties' stipulation, denies the plaintiff's "Motion To Amend and Supplement Complaint."

## I. BACKGROUND

This is a sex discrimination in employment case. Plaintiff Maureen Madery, who had been employed in various capacities by the International Sound Technicians Union Local 695 (hereinafter Local Union) for approximately 28 years (but was never a union member), alleges in her first amended complaint that the Local Union and its international affiliate, the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators (hereinafter IATSE) discriminated against her on the basis of her sex in violation of the Equal Pay Act, 29 U.S.C. § 201 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff Madery specifically alleges that these defendants discriminated against her by paying her lower wages than male employees received for equal work, by demoting her, and, ultimately, by discharging her, all because of her sex and her complaints regarding sex discrimination. First Amended Complaint, ¶¶ 8, 10, 11, 15, 16. On this first amended complaint, plaintiff seeks general damages, liquidated damages, reinstatement, and other relief. The Local Union has answered the complaint and defendant IATSE has filed a summary judgment motion set for hearing in the near future.

The plaintiff has now filed a "Motion To Amend and Supplement Complaint." To her first amended complaint, which contained causes of action for alleged violations of the Equal Pay Act, First Amended Complaint, Count 1, and Title VII, First Amended Complaint, Count 2, the plaintiff seeks to add claims for intentional infliction of emotional distress, Proposed Second Amended Complaint, Count 3, and invasion of privacy, Proposed Second Amended Complaint, Count 4, against the Local Union defendant, defendant IATSE, and two individuals not named in the first amended complaint, James Osburn and Timothy

Mitchell. The proposed new claims seek both general and punitive damages. Arguing that these pendent state law claims, which have already also been filed in state court, parallel the claims involved in the instant action, plaintiff Madery contends that this Court should also hear the pendent claims to avoid duplicative discovery and to litigate the entire action in one place.

The plaintiff, the defendant Local Union, and the defendant IATSE stipulated in writing that these defendants would not oppose the plaintiff's motion and that the Court should grant it. Plaintiff did not serve James Osburn or Timothy Mitchell with this motion or with the proposed second amended complaint.

The parties apparently felt that this stipulation would settle the matter and result in the filing of the proposed second amended complaint and did not appear at the date set for the hearing on the plaintiff's motion. The Court must find, however, that the parties' stipulation does not settle the matter and that the Court should rule on the motion. The following sections of this opinion will demonstrate why neither the parties' stipulation nor this Court's authority to grant leave to amend should result in the filing of the proposed second amended complaint.

## II. AMENDMENT BY WRITTEN CONSENT OF THE PARTIES

█ Ordinarily, under the Federal Rules of Civil Procedure, a party may freely amend his pleadings by obtaining the written consent of the adverse party or parties. Fed.R.Civ.P. 15(a). In such a situation, the Court lacks any discretion to reject the amended pleadings. *Fern v. United States*, 213 F.2d 674 (9th Cir. 1954). *See generally* 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1490 (1971).

█ In this case, however, the proposed second amended complaint adds parties not named in the first amended complaint. In such a situation, the parties must obtain approval of the proposed amendment from this Court. Fed.R.Civ.P. 21. *See Age of Majority Educational Corp. v. Preller*, 512

F.2d 1241, 1245–46 (4th Cir. 1975); *Panitch v. State of Wisconsin*, 371 F.Supp. 955, 957–58 (E.D.Wis.1974) (three-judge court); *International Brotherhood of Teamsters v. American Federation of Labor*, 32 F.R.D. 441, 442 (E.D.Mich.1963).

Thus, the stipulation entered into by plaintiff, defendant Local Union, and defendant IATSE does not in and of itself necessitate or justify the filing of the proposed second amended complaint. Consequently, if the plaintiff is to be permitted to file this proposed second amended complaint, the Court must grant her leave to do so.

## III. AMENDMENT BY LEAVE OF COURT

█ Rule 15(a) of the Federal Rules of Civil Procedure also provides that the Court should permit a party to amend his pleadings "freely . . . when justice so requires." Fed.R.Civ.P. 15(a). Interpreting this rule, the Supreme Court has held that a district court should permit any amendments which relate to a possibly proper subject of relief unless some justifying reason exists for denying the proffered amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Reasons justifying denial of a motion to amend include (1) bad faith; (2) undue delay; (3) repeated failure to cure deficiencies; (4) prejudice to opposing parties; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See generally* 3 Moore's Federal Practice, ¶ 15.08[2]. Here, the Court finds that it lacks jurisdiction over the proposed new pendent state law claims and, therefore, even under the liberal rule set forth in rule 15(a) and *Foman v. Davis*, must deny the motion for leave to amend.

In the leading case on pendent jurisdiction, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court distinguished between the *power* of a district court to assert pendent jurisdiction over state law claims and the *discretion* of a district court in

deciding whether to exercise that power when it is found to exist. 383 U.S. at 725–27, 86 S.Ct. 1130. In the *Gibbs* case, the Supreme Court ruled that a district court possesses power to assert pendent jurisdiction over state law claims only when:

(1) the federal claim possesses substance sufficient to confer subject matter jurisdiction in the district court;

(2) the state and federal claims are derived from a common nucleus of operative facts; and

(3) plaintiff's claims are such that he would ordinarily be expected to try them in one proceeding.

383 U.S. at 725, 86 S.Ct. at 1138.

In this case, the pendent claims attached to the Equal Pay Act and Title VII claims are not derived from a common nucleus of operative facts. Both the Equal Pay Act and Title VII claims focus on the operative facts of plaintiff's employment with the union defendants and her allegations of unequal pay for equal work, demotion due to sex discrimination, and discharge in retaliation for complaints of sex discrimination. *See* First Amended Complaint, ¶¶ 8, 10, 11, 15, 16. The proposed cause of action for intentional infliction of emotional distress, however, focuses on the alleged operative facts that James Osburn and Timothy Mitchell, agents of the union defendants, harassed, intimidated, threatened, and otherwise abused plaintiff so as to cause plaintiff severe emotional distress. *See* Proposed Second Amended Complaint, ¶ 21. Similarly, the proposed cause of action for invasion of privacy involves the alleged operative fact that Timothy Mitchell transmitted false information about the plaintiff for publication in the *Daily Variety* newspaper so as to cast plaintiff's character in a false light. *See* Proposed Second Amended Complaint, ¶ 25. The common operative facts involved in the federal law claims— sex discrimination in employment causing plaintiff to suffer lower pay, demotion, and discharge—differ substantially from the operative facts of the proposed intentional infliction of emotional distress claim— shocking and outrageous conduct causing plaintiff severe emotional distress—and the operative facts of the invasion of privacy action—publication of matter in a newspaper which casts plaintiff in a false light and causes her embarrassment and ridicule. Because of all the factual and legal differences between the federal claims and the state claims, the Court finds that the pendent claims are not derived from the same common nucleus of operative facts as the federal claims. Accordingly, under the rule set forth in the *Gibbs* case, the Court lacks the power to exercise pendent jurisdiction over the pendent state law claims contained in the plaintiff's proposed second amended complaint. Therefore, the Court hereby denies the plaintiff's motion to file a second amended complaint.

Moreover, even if the Court did have the power to assert pendent jurisdiction over these claims, the Court would not have exercised its discretion over the pendent state law claims here. In the *Gibbs* case, after discussing the power of a district court to exercise pendent jurisdiction, the Supreme Court specified that a district court, even when it possesses the power to assert pendent jurisdiction, retains discretion over its exercise:

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience, and fairness to litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims.

383 U.S. at 726, 86 S.Ct. at 1137. *See also Hagans v. Lavine*, 415 U.S. 528, 545–46, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Rosado v. Wyman*, 397 U.S. 397, 405, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Hymer v. Chai*, 407 F.2d 136, 137 (9th Cir. 1969). In addition, in *Gibbs*, the Supreme Court cautioned district courts against making unnecessary decisions of state law matters. 383 U.S. at 726–27, 86 S.Ct. 1130.

In this case, the plaintiff has made virtually no showing that the relevant val-

**158**

ues of judicial economy, convenience, and fairness to litigants would be enhanced by this Court exercising pendent jurisdiction over state law claims. To the contrary, the Court finds that hearing the state law claims in this case would unnecessarily complicate matters of proof, confuse the issues in the case, and involve unnecessary decisions of state law. Therefore, the Court would likely not have exercised its discretion to hear the pendent state law claims in this case, even if it had had the power to do so. *United Mine Workers v. Gibbs, supra. See also, e. g., Kennedy v. Mountain States Telephone & Telegraph Co.,* 449 F.Supp. 1008, 1011 (D.Colo.1978).

### IV. CONCLUSION

For the foregoing reasons, the Court rules that the parties' stipulation does not in and of itself justify the filing of the proposed second amended complaint; that the Court lacks power to exercise jurisdiction over the pendent state law claims; and that even if the Court possessed power to exercise pendent jurisdiction over those claims, the Court would decline to exercise its discretion to hear them.

LET THE APPROPRIATE ORDER BE ENTERED ACCORDINGLY.

### ORDER

It is hereby ordered that the plaintiff's "Motion To Amend and Supplement Complaint" is denied. The Clerk shall forthwith file and serve all parties with copies of this Decision and Order.