Saul Eli **KLUPT**, Plaintiff,

v.

**BLUE ISLAND FIRE DEPARTMENT et al., Defendants.**

**No. 79 C 1186.**

United States District Court, N. D. Illinois, E. D.

May 6, 1980.

Michael A. Rosenhouse, Chicago, Ill., for plaintiff.

William W. Kurnik, Jay S. Judge, Judge, Drew, Cipolla & Kurnick, Park Ridge, Ill., Edwin Richardson, Brunswick, Richardson, Engelke & Pinzino, Blue Island, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendants Schmidt, Sheets, Rauk, Stanopher, and Helwig move the court to dismiss Counts II and IV of the plaintiff's second amended complaint as it pertains to them. This court previously granted the defendants' motion to dismiss Count II for failure to allege sufficient facts to show the existence of a conspiracy and Count IV, a pendent state claim, for lack of jurisdiction. The plaintiff has amended his complaint, attempting to cure the defects in Counts II and IV, and to add Count V, which is a petition for a mandamus under Illinois law. The Blue Island Fire Department, Civil Service Commission, and Fire Chief Schultz are the only defendants named in Count V. For the reasons that follow, the defendants' motion to dismiss is denied with respect to Count II, but granted with respect to Counts IV and V.

*Count II*

Count II alleges, in essence, that the moving defendants, because of their anti-Semitism, conspired with supervisory personnel of the Blue Island Fire Department and members of the Civil Service Commission to cause the plaintiff's discharge from the Department. According to the complaint, the defendants' actions deprived Klupt of his civil rights in violation of 42 U.S.C. § 1983. Jurisdiction lies pursuant to 28 U.S.C. § 1343(3).

This court's previous order, dated November 20, 1979, discusses the facts and issues involved herein. Basically, the defendants continue to challenge the sufficiency of the conspiracy allegations. They contend that the allegations are conclusory and fail to show the "necessary personal involvement on the part of these moving defendants."

The plaintiff's first amended complaint merely had alleged that Klupt had been treated differently and had been made the target of extremely unpalatable anti-Semitic jokes. To this was added the *general* recitation of a conspiracy between the moving defendants and various officials of the Department and Commission. This court's November 20, 1979 order thus held the conspiracy allegation to be vague and conclusory, because it was "not supported by any facts establishing the moving defendants' direct participation in a scheme to cause plaintiff's discharge." Memorandum Order, p. 4.

■ Klupt's second amended complaint, paragraph 12, adds the following allegations to establish the acts "in furtherance of the conspiracy to cause plaintiff's discharge":

> [Movants' acts] consisted of their harassing plaintiff with anti-Semitic remarks, despite plaintiff's requests that they desist therefrom, thus causing plaintiff emotional distress and leading to his discharge as herein set forth, and, in addition, plaintiff is informed and on the basis of such information believes that said defendants, except Helwig, met on one or more occasions with one or more of defendants Schultz, Holdefer, Duey and

Lombardo and suggested in effect that plaintiff would not be welcome as a member of the Blue Island Fire Department, the basis of such suggestion being substantially that plaintiff would not and could not abide their anti-Semitism and that of Helwig . . .

Accepting these allegations as true for the purposes of this motion, the court finds that Count II of the second amended complaint states a claim upon which relief can be granted. The actionable conduct of a conspiracy to violate § 1983 is not the defendant firefighters' purported harassment of the plaintiff. Rather, it is the defendants alleged meetings with their supervisors, during which the "suggestion" was made that the "plaintiff would not be welcome" as a fellow fireman, because of defendants' anti-Semitism.

■ The elements of a conspiracy to violate § 1983 were discussed in this court's previous order, wherein it was stated that there must be an allegation that the defendants, acting under color of state law, conspired to deprive (and did in fact deprive) the plaintiff of a federal right. The firefighters' alleged conspiracy with their supervisors to deprive the plaintiff of his job on anti-Semitic grounds, in violation of Title VII, fulfills the basic requirements of pleading a claim sufficiently to give the defendants adequate notice of the charges against them. Defendant Helwig, however, is expressly excluded from paragraph 12 of Count II—the key allegation of the conspiratorial meeting—and therefore, the motion to dismiss with respect to him is granted. With respect to the remaining defendants, however, the motion is denied.

*Count IV*

Count IV purports to state a claim, under Illinois law, for intentional infliction of emotional distress. The defendants contend that this court has no jurisdiction, and, alternatively, that Count IV does not state a cognizable claim.

The court previously dismissed this state tort claim because, with the dismissal of the

conspiracy count there was no independent basis for federal jurisdiction over the moving defendants. The issue of the court's pendent jurisdiction over the state claims against the movants, thus, no longer involves the propriety of "pendent party" jurisdiction. *See Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976).

■ In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court enunciated the test for determining whether pendent jurisdiction satisfies Article III of the Constitution; that is, whether the federal and nonfederal claims arise from a "common nucleus of operative fact." The claims must be ones that ordinarily would be tried together. *Id.* at 725, 86 S.Ct. at 1138. Moreover, the federal court must avoid "needless decisions of state law," as a "matter of comity." Finally, because pendent jurisdiction is a matter of the court's discretion rather than the plaintiff's right, the federal court must determine whether hearing the state claim would vindicate the doctrine's purpose of fairness to the litigants and judicial economy.[1] *Id.* at 726, 86 S.Ct. at 1139.

■ Applying the above principles to the present case, the court finds that the state tort action is not a proper claim for the court's pendent jurisdiction. In the first place, the federal claim for discriminatory employment practices, which forms the basis for the § 1983 violation, is not sufficiently analogous to the common law tort of intentional infliction of emotional distress. *See Madery v. International Sound Techni-*

*cians*, 79 F.R.D. 154 (C.D.Calif.1978) (no pendent jurisdiction over the state claim of infliction of emotional distress joined with a federal sex discrimination claim). The operative facts of defendants' conspiratorial actions to cause plaintiff's discharge differ substantially from those needed to state a claim for intentional infliction of emotional distress. In Illinois the Supreme Court set the standard when it recognized this tort, stating "the allegations that the defendant intentionally caused severe emotional disturbance . . . states a cause of action." *Knierim v. Izzo*, 22 Ill.2d 73, 174 N.E.2d 157, 165 (1961). For such a claim to lie there must be "outrageous conduct [on the part of a defendant], calculated to cause severe emotional distress to persons of ordinary sensibilities . . ." *Id.* at 86.[2]

In contrast, the gist of a conspiracy is the unlawful agreement itself. Under 42 U.S.C. § 1983 the plaintiff must actually be deprived of a federally protected right; in this case, his job, if the basis for the discharge constituted an unlawful employment practice under 42 U.S.C. § 2000e–2(a)(1). While the defendants' alleged anti-Semitism obviously would be an important factor under both theories of liability, the common law tort claim anticipates extremely outrageous behavior resulting in severe mental anguish, as opposed to an agreement to have another person fired. Hence, the two claims are not so clearly related as to be of the type that would be tried together in one case. *Gibbs, supra.* Accordingly, this court declines to exercise its discretionary[3] pendent jurisdiction over Count

---

1. Later cases apparently have extended the pendent jurisdiction inquiry beyond the *Gibbs* test: "Beyond this constitutional minimum, there must be an examination of the posture in which the nonfederal claim is asserted and of the specific statute that confers jurisdiction over the federal claim." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

2. More recently, the Illinois Supreme Court further explained that "liability clearly does not extend to mere insults, indignities, . . . or trivialities . . . [but wrongful actions must extend] beyond all possible bounds of decency." *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 90, 4 Ill.Dec. 652, 654, 360 N.E.2d 765,

767 (1976). *See also Irving v. J. L. Marsh, Inc.*, 46 Ill.App.3d 162, 166–67, 4 Ill.Dec. 720, 360 N.E.2d 983 (3d Dist. 1976) (reference to plaintiff as an "arrogant nigger" is not outrageous enough to establish a cause of action for intentional infliction of emotional distress).

3. Even assuming the two claims share a common nucleus of operative fact so as to satisfy the *Gibbs* test of constitutional power to hear the state claim, it is questionable that Count IV states a cognizable claim under Illinois law. Thus, as a matter of comity, the exercise of pendent jurisdiction in this case still would be inappropriate.

IV of the second amended complaint. Therefore, Count IV is dismissed, with prejudice.

*Count V*

The defendants Blue Island Fire Department, Civil Service Commission, and Fire Chief Schultz move to dismiss this count for failure to state a claim. Fed.R.Civ.P., Rule 12(b)(6). This is a state law claim, requesting the issuance of an order to reinstate the plaintiff with back pay. The court's ancillary jurisdiction is invoked.

Under the plaintiff's theory, his discharge violated the rules of the Civil Service Commission, ¶ 4, Art. 6, because the Commission did not make the required "investigation" of Chief Schultz's reasons for discharging plaintiff. Klupt contends that the Commission did not therefore "consent" to the plaintiff's discharge within the meaning of Ill.Rev.Stat. ch. 24, § 10–1–14 (1977). Simply put, the Blue Island Civil Service Commission did not make an "independent" inquiry into the facts surrounding Klupt's discharge; rather, it relied on Schultz's written reports.

■ The defendants argue persuasively that there was no procedural irregularity involving the Civil Service Commission's approval of Schultz's decision to terminate the plaintiff.[4] That being so, it is contended, the moving defendants' conduct was properly authorized under Illinois law and Count V of the complaint must be dismissed for failure to state a claim. Alternatively, the defendants contend that this court lacks jurisdiction to issue a writ of mandamus because the sole forum for review of the Civil Service's determination is the Administrative Review Act. Ill.Rev.Stat. ch. 110, § 264 *et seq.* Hence, defendants argue that plaintiff's failure to file for review in the state circuit court within the requisite time period bars suit in this court.

Because this court finds that Count V fails to state a claim upon which relief can be granted, it is unnecessary to determine whether Klupt's failure to seek administrative review bars this mandamus petition.[5]

■ Mandamus is an extraordinary remedy meant to compel the performance of a public official's nondiscretionary ministerial duty where the petitioner has established a clear and indisputable right to issuance of the writ. *See Will v. United States,* 389 U.S. 90, 103–04, 88 S.Ct. 269, 278, 19 L.Ed.2d 305 (1967). No new rights can be acquired in a mandamus action, the purpose of which is to enforce rights already vested in the plaintiff. *Kramer v. City of Chicago,* 58 Ill.App.3d 592, 16 Ill. Dec. 157, 374 N.E.2d 932 (1st Dist. 1978). Consequently, mandamus is improper where the right of the petitioner first must be established or the duty of an official sought to be coerced must first be determined. *Aiken v. Will County,* 321 Ill.App. 171, 52 N.E. 607 (2d Dist. 1943). Nor is mandamus a substitute for judicial appeal. *Kramer v. City of Chicago, supra.*

■ This circuit has summarized three elements used to test the propriety of issuing a writ of mandamus:

---

4. Authorities cited by the defendants indicate that the Civil Service Commission acted properly according to Illinois law. The letters containing the facts and reasons for Chief Schultz's request to discharge the plaintiff were the basis for the Commission's requisite approval. There appears to be no support for the plaintiff's assertion that the Commission was bound to "independently" investigate the reasons given for the termination decision. Normally, a court must give deference to an agency's interpretation of its own rules, unless clearly erroneous or arbitrary. *See Modine Mfg. Co. v. Pollution Control Bd.,* 40 Ill.App.3d 498, 502, 351 N.E.2d 875, 877 (2d Dist. 1976); *Taylor v. Police Bd. of Chicago,* 62 Ill.App.3d 486, 489, 19 Ill.Dec. 285, 378 N.E.2d 1160, 1164 (1st Dist. 1978). Moreover, under plaintiff's theory, a probationary employee would attain, in effect, a de facto civil service status. Such a result would contravene the state's policy of allowing a department head substantial discretion during the probationary period, to determine the fitness of a particular public servant. *See Romanik v. Board of Fire and Police Commissioners,* 61 Ill.2d 422, 424–25, 388 N.E.2d 397 (1975) (probationary police officer may be summarily discharged).

5. It has been held that exhaustion of administrative remedies is required prior to issuance of mandamus relief. *See Beale v. Blount,* 461 F.2d 1133 (5th Cir. 1972) *cited in Holmes v. United States Board of Parole,* 541 F.2d 1243 (7th Cir. 1976).

(1) the petitioner's clear right to the relief requested,

(2) a plainly defined and preemptory duty on the part of the respondent to do the act in question, and

(3) the unavailability of other adequate remedies. *Holmes v. United States Board of Parole*, 541 F.2d 1343 (7th Cir. 1976).

■ The allegations of Count V, accepted as true for the purposes of this motion, fail to state a claim because the above elements are missing. The complaint alleges that Klupt's discharge was an illegal violation of the Civil Service Commission rules and Ill.Rev.Stat. ch. 24, § 10–1–14 (1977). Yet, even assuming the plaintiff's theory is correct, it does not follow automatically that the remedy for the alleged violations is Klupt's reinstatement with back pay. Klupt's right to this relief is not at all clear. Similarly, the issue of the Commission's alleged duty to reinstate Klupt with back pay is not appropriately considered on a petition for a writ of mandamus unless performance of the act is clearly ministerial and nondiscretionary. There are undoubtedly important policy reasons for allowing the Commission to rely on Chief Schultz's opinion of Klupt's fitness for permanent appointment to the classified service. Illinois cases have held that matters of promotion and discipline of police are within the discretionary powers of supervisory officials and are not subject to mandamus review. *Piller v. Village of Beecher*, 64 Ill.App.3d 887, 21 Ill.Dec. 665, 381 N.E.2d 1209 (3d Dist. 1978) and that a police officer's mandamus action challenging public official's merit selection procedures is inappropriate because of the discretionary nature of the procedures. *Lenert v. Wilson*, 56 Ill.App.2d 325, 206 N.E.2d 294 (1st Dist. 1955). In the instant case, the mere allegation that the Commission failed to investigate the reasons for the discharge and thus gave an uninformed consent to that discharge is an insufficient basis for establishing the "plainly defined and preemptory duty" required for mandamus.

Apparently, the plaintiff did not seek administrative review of the Commission's alleged failure to adequately investigate his discharge. As has been stated, mandamus is not a substitute for appeal. *Kramer v. City of Chicago, supra.* It should be noted, however, that if Klupt prevails on the merits of his Title VII claim, he may be entitled to reinstatement and back pay. *See* 42 U.S.C. § 2000e–5(g). Under the theory presented in Count V, however, Klupt has not alleged a cognizable claim for relief.

For the above reasons, the defendants' motion to dismiss Count V is granted.

In summary, Count II of Klupt's second amended complaint is dismissed with respect to defendant Helwig only, but denied with respect to all other defendants named therein. Counts IV and V are dismissed in their entirety, with prejudice.

It is so ordered.