(No. 11966.—Reversed and remanded.)

THE PEOPLE *ex rel.* Daniel W. Roderick, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed April 17, 1918—Rehearing denied June 5, 1918.*

1. CIVIL SERVICE—*city fire marshal is governed by City Civil Service act in appointment of superintendent of machinery.* The city fire marshal of the city of Chicago cannot refuse to make an appointment to an office in his department which has been created by the city council, and where a vacancy exists in the position of superintendent of machinery of the fire department it is the duty of the fire marshal, under the City Civil Service act, to notify the civil service commission, and the commission should certify the first name on the eligible list for appointment to such position.

2. SAME—*when vacancy exists under rules of civil service commission of the city of Chicago.* Under the rules of the civil service commission of the city of Chicago an office under the City Civil Service act cannot be held open for an employee on leave of absence after an expiration of thirty days, nor, in case of injury in the service, sickness or other disability, after ninety days, and under the statute the vacancies so resulting must be filled.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

FARRELL & THOMPSON, (HOPE THOMPSON, of counsel,) for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (ROY S. GASKILL, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Daniel W. Roderick filed his petition in the circuit court of Cook county against the city of Chicago, the mayor, fire marshal, comptroller and civil service commissioners of the city for a writ of *mandamus* for his certification and appointment as superintendent of machinery in the fire department of the city of Chicago. The respondents answered, and the petitioner's demurrer to the answer having been overruled, he elected to stand by it and judgment was rendered against him. The Appellate Court affirmed the judgment, and, having granted a certificate of importance, allowed an appeal to this court.

The amended petition alleged the existence of an executive department of the city of Chicago known as the fire department, with certain offices and places of employment, one of which was "superintendent of machinery (fire)," with a salary of from $2400 to $2700 and above; a civil service examination for that place passed by petitioner, and the posting on December 22, 1913, of the list of persons who passed the examination, consisting of the names of Robert A. Weinhardt, who stood first on the list, and of the petitioner, who stood second; the appointment of Weinhardt on February 17, 1914, and his occupancy of the position until November 16, 1915; his application on November 4, 1915, for leave of absence without pay from November 16, 1915, for one year; its approval by the fire marshal and the civil service commission; the filing of his resignation at the same time he applied for leave of absence, to take effect November 16, 1916, and its reception and acceptance by the fire marshal. The amended petition further alleged that the petitioner made a demand that a requisition be made on the civil service commission for his certification and for his appointment to the position of superintend-

ent of machinery, but that no requisition has been made by the fire marshal to the civil service commission for the certification of the name of any person to be appointed to such office, and the civil service commission has not certified the name of any person for that position, which is now vacant and for the salary of which an appropriation has been made. The amended petition alleged, but the answer denied, that the fire marshal had pretended to appoint to the position one Cullerton, who had never taken a civil service examination and whose name had never been posted as eligible or certified by the commission for the place. Certain ordinances of the city of Chicago pertaining to the organization of the fire department and the duties of the fire marshal, as well as the rules of the civil service commission, were set out. The petition was filed December 22, 1916, more than thirty days after Weinhardt had ceased to perform the duties of the position. The answer denies that a vacancy exists, that petitioner is legally entitled to be certified or appointed to the position, or that it was the duty of the fire marshal to notify the commission of the existence of a vacancy in the position or to make a requisition for the certification of the name of the person standing highest on the register of eligibles.

There are only two questions in the case: Is there a vacancy in the position? If so, is the filling of it discretionary with respondents? The latter question must be answered in the negative. The position was created by the act of the city council. While the fire marshal is the head of the fire department and has full power and authority over its organization, government and discipline, including the appointment and removal of all officers and members of the department, yet this power is to be exercised according to law. He cannot abolish a position which the council has created, and he has not the power to do so, in effect, by refusing to make an appointment to an office when the council has imposed upon him the duty to make such appoint-

ment. The City Civil Service act provides in section 3 that no appointment shall be made in the classified civil service of the city except according to the provisions of that act. Section 10 provides that the head of the department or office' in which a position in the classified service is to be filled shall notify the commission, that the commission shall certify to the appointing officer the candidate standing highest cn the eligible list, and that the appointing officer shall fill the place by the appointment of the person so certified. The appointment is on probation for a period fixed by the rules of the commission, and if the candidate is not discharged during that period his appointment is deemed complete. If a vacancy existed in the position of superintendent of machinery it was the duty of the fire marshal to notify the commission of the fact and the duty of the commission to certify the name of petitioner. *People* v. *Kipley,* 171 Ill. 44.

Section 4 of rule 8 of the civil service rules provides that the head of a department may grant leave of absence for a period longer than three months from regular duty, upon written application made to him by a subordinate officer or employee within his department, only with the approval of the commission; that the application shall be reported immediately to the civil service commission, and the commission shall approve such leave for certain specified purposes and reasons, only, (none of which apply to this case,) and that where leave of absence is requested because of some special reason other than those enumerated and is recommended by the head of the department concerned, it may be approved, provided that no such leave shall be granted for a period to exceed one year. Section 6 of rule 8 provides: "Upon the expiration of a leave of absence an officer or employee shall be re-instated in his position: *Provided, however,* that if such absence with leave exceeds thirty days, or, in the case of injury in the service, sickness or other disability, ninety days, and the position in the meantime has been filled by certification, he shall be re-instated only when

283 — 30

a vacancy in a position of his legal civil service grade, and of the same class, grade, salary and character of work, exists, and then in the order of his seniority in the position," etc. Section 9 of rule 8 provides: "When any officer or employee has been given a leave of absence in accordance with the rules of the civil service commission or has been laid off in accordance with said rules, the person taking such leave or the person so laid off shall have precedence for re-instatement from the eligible register of positions of the same class, grade and salary and of the same character of work, according to seniority in his position."

These sections provide for leaves of absence of officers or employees, and they contemplate a right to return and hold the office or employment only in case the absence has not exceeded thirty days, or, in case of injury in the service, sickness or other cause, ninety days. Within those periods of time the officer or employee on leave of absence may return and he shall be re-instated in his position. After the expiration of the times mentioned it is implied that the office may be filled in the manner provided by the Civil Service law, because section 6 provides that if the position has been filled by certification in the meantime, the officer shall be entitled to re-instatement only when a vacancy in a position of the same class, grade, salary and character of work exists, and then in the order of his seniority in the position. It is also provided in section 9 that the person taking a leave of absence shall have precedence for re-instatement from the eligible register of positions of the same class, grade and salary and of the same character of work, according to the seniority of his position. Re-instatement under these rules, therefore, does not necessarily mean a restoration to the office originally held, but may mean, when that office has been filled, an induction into another office of the same class, grade, salary and character of work.

The petition alleges that Weinhardt left said office or place of employment of superintendent of machinery in the

fire department on November 16, 1916, gave up all active connection therewith and immediately left the city of Chicago and the State of Illinois; that he has not since returned and is no longer a citizen of Illinois. This allegation was not denied and is therefore admitted. Since Weinhardt, the incumbent of the office, had not been performing the duties of the office but had been away on leave of absence for more than thirty days, the fire marshal was authorized to appoint another person to the office by calling upon the civil service commission to certify a name from the eligible list. Upon the appointment of such person he would not be subject to be displaced if Weinhardt should return. In fact, however, Weinhardt's return was not contemplated. He had resigned so far as his own action was concerned and his resignation was to take effect at the expiration of his leave of absence, so that, in effect, he was permanently separated from the office. There can be no doubt that the fire marshal had a right to make an appointment of a superintendent of machinery under the rules, and such appointment could only be made in case there was a vacancy in the office. The civil service rules do not permit the holding of positions open for officers or employees for a longer period than thirty days, or, in case of injury in the service, sickness or other disability, ninety days, and the statute requires vacancies to be filled. The place was vacant and the duty of filling it was not discretionary.

The judgments of the Appellate Court and the circuit court will be reversed and the cause remanded to the circuit court, with directions to sustain the demurrer to the answer.  *Reversed and remanded, with directions.*