People of the State of Illinois ex rel. Hawkonsen, et al., Petitioners-Appellees, v. James B. Conlisk, et al., Respondents-Appellants.

Gen. No. 54,368.

First District, First Division.

January 19, 1970.

Rehearing denied February 10, 1970.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellants.

Adamowski, Newey & Riley, of Chicago (Francis X. Riley, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an interlocutory appeal from a temporary injunction. By its terms the respondent, the Superintendent of Police, was restrained from filling any office of sergeant of police from any purported civil service list published on or after June 4, 1969, until petitioners' suit for a writ of mandamus was determined on the merits.

Since we believe that for the purpose of this appeal we must consider whether the petition for a writ of mandamus sufficiently states a claim for mandamus, we will summarize its allegations. Petitioners generally aver in Count I that the Superintendent of Police in 1968, requested an appropriation for more men because of the press of police business for the coming fiscal year. Pursuant to the Mayor's budget message and recommendation for an additional appropriation for the police department, which was approved by the City Council, additional personnel was added and a total of 1,279 sergeants positions were provided.

It is further alleged that each of the petitioners has completed the requirements of efficiency and seniority as a patrolman and passed the sergeant's examination on August 10, 1966. The petitioners were listed from numbers 432 to 474 on the September, 1966 promotion eligible list. Since the respondent has selected 424 men from that list, the petitioners became numbers one (1) to forty-nine (49) on that promotional list. The Civil Service Commission, also respondent herein, removed the promotional list on June 4, 1969, and petitioners allege that such removal was improper. Since there were more than fifty vacancies in the rank of sergeant on June 4, 1969, petitioners claim that they had a legal right to each of such vacancies as they occurred and that their promotion required only the ministerial duty of the certification of their names.

It is stated in the petition that the petitioners recognized the degree of discretion reposed in the super-

433

intendent to determine his department's needs and so they withheld demand for promotion pending the superintendent's exercise of that discretion. Petitioners allege that now that the superintendent, respondent in this action, and the Mayor, under his budgetary responsibility, have determined minimal needs in excess of existing vacancies, the respondent's administrative discretion has been exercised, and all that remains is the predetermined mechanical chore of designation from the list, choice and promotion. The petitioners therefore pray that the superintendent be directed to promote the petitioners to the existing vacancies of sergeant to which they are entitled.

Petitioners further aver, under Count II, that Section 1 of Rule IV of the Civil Service Commission provides that when vacancies are to be filled from the promotion register, the commission shall certify to the appointing officer the names of the three candidates standing highest on such register. The petitioners pray that the mandamus be directed to the Civil Service Commission to take steps to effect their promotion. In Count III, it is alleged that on June 4, 1969, when the commission removed the list of September, 1966, upon which the petitioners' names appeared for promotion to sergeant, another list was approved. The petitioners had been informed and believe that the presently existing vacancies will be filled from the latter list before the court had an opportunity to resolve the legal question posed in the petition. The petitioners therefore prayed that an injunction issue forthwith restraining the Superintendent of Police from notifying the Civil Service Commission and restraining the Civil Service Commission from certifying any names from the list of on or after June 4, 1969, for promotion to the rank of sergeant until the court had finally determined the legal question involved.

434

This petition was filed on July 2, 1969. The petitioners moved for an order staying the filling of any vacancies on July 3, 1969. In an affidavit it was alleged that there were rumors that the superintendent intended to fill some fifty vacancies from the new list. An order was entered on that day restraining the superintendent from filling any office of sergeant until the matter was determined and a hearing was set for July 23, 1969.

An appearance was filed by respondents on July 10, 1969. Respondents filed a motion to dismiss the petition on July 18, 1969. In that motion respondents cited certain statutes and authorities which they contended established the Civil Service Commission's authority to strike the list of eligibles after their names had appeared on the list for more than two years. On July 23, 1969, an order was entered denying respondents' motion to dismiss and setting the matter for trial on August 29, 1969. The superintendent was again restrained in that order from filling any office of sergeant. Respondents appeal from the orders entered on July 3, and July 23.

Respondents contend that (1) injunctive relief cannot be awarded to enforce political rights, as distinguished from property or civil rights; (2) the Civil Service Commission's striking of the names which were on the eligible register for sergeant of police for over a two-year period was authorized by statute; (3) the petitioners fail to allege that vacancies exist which the Superintendent of Police or the Civil Service Commission are legally bound to fill and (4) that the petitioners had an adequate legal remedy under the Administrative Review Act.

Petitioners argue that there are only two issues: (1) is the petition sufficient to state a claim for mandamus and (2) did the trial court abuse its discretion in granting

a temporary injunction maintaining the status quo pending a trial of the issues.

The basic issue in this case is whether the Superintendent of Police exercised his discretion by requesting additional personnel so as to give the petitioners a legal right to the vacancies in the rank of sergeant. We think that he did not.

We take judicial notice of the appropriation ordinance of the City of Chicago, adopted by the City Council on December 13, 1968 (Coun J 12–13–68, p 4035) wherein it is stated:

> Section 6  . . . In case of a vacancy in any office or position, the head of the department in which the vacancy occurs shall not be required to fill such vacancy or position if, in his judgment and discretion, there is no necessity therefor.

The appropriation ordinance thus specifically provides that the superintendent, as head of his department, need not fill vacancies unless he thinks it necessary to do so.

In order for the Civil Service Commission to fill vacancies from an existing list, notification to the commission of the vacancies by the department head is required by Section 14 of the Municipal Code of 1961 (Ill Rev Stats 1967, c 24, § 10–1–14) :

> The head of the department or office in which a position classified under this Division 1 is to be filled shall notify the Commission of that fact . . . .

There is no allegation in the petition that the superintendent gave any such notification to the Civil Service Commission.

The Civil Service Commission in striking the names from the register for sergeants of police, which had been posted on September 14, 1966, was acting under the authority given to it by section 14 of the Municipal Code

(Ill Rev Stats 1967, c 24, § 10–1–14) which provides in part:

The Commission may strike off names of candidates from the register after they have remained thereon more than two years.

The pleadings establish that the commission cancelled the entire list including the names of all the petitioners from the sergeant's register on June 4, 1969, which was more than two years from the posting of that list on September 14, 1966.

Petitioners admit the authority of the commission to cancel a list after two years which has been upheld in People ex rel. Baker v. Wilson, 39 Ill App2d 443, 189 NE2d 1; Baldwin v. Hurley, 9 Ill App2d 532, 133 NE2d 522; People ex rel. Lynch v. City of Chicago, 271 Ill App 360; and People ex rel. Walsh v. City of Chicago, 226 Ill App 409. In the Baker case this court stated:

Civil service positions are in the nature of public offices, political in character, in which the holders "have no property right." (Citing authority) 39 Ill App2d at 446, 189 NE2d at 3.

Petitioners, however, challenge the power of the commission to cancel a register when there are vacancies caused by the successful request of the superintendent for more money and men. This is similar to the contention in People ex rel. Erickson v. Sheehan, 24 Ill App 2d 43, 163 NE2d 834, that the commission could not strike off an unpublished register. In upholding the commission's power to do so, the court pointed out that in the statute the word "register" is not qualified or modified by the words "posted" or "published." Of course, the statute does not say that the commission may only cancel the register when there are no vacan-

cies in new offices created at the superintendent's request.

■■ In the Erickson case the basic issue was whether the Civil Service Commission could lawfully expunge the promotional examination successfully passed by a number of lieutenants of police on December 4, 1954, leaving it free to hold the 1958 examination. In upholding the commission's power to strike names from the unpublished list, after the names had been on it for more than two years, the court said:

> The policy behind this provision is to maintain an up-to-date register, the vitality of which may be guaranteed by the discretion placed in the commission to meet changing conditions and circumstances. Toward that end, the commission is authorized to strike a register which is no longer suitable to fulfill the function for which it was intended. That policy applies whether a promotional register is published or not. (24 Ill App2d at page 47, 163 NE2d at 836.)

In that case the court concluded as we do here that

> [d]iscipline is vital in the police department which constitutes a force of armed men organized to protect the City. The offices of mayor, chief of police and civil service commission constitute branches of the executive department charged with the maintenance of discipline in this group of armed men. Courts must move with great care and caution before they set aside the acts of the executive department of the government under any circumstances, but especially in matters such as this. (24 Ill App2d at page 54, 163 NE2d at 839.)

People ex rel. Roderick v. City of Chicago, 283 Ill 462, 119 NE 599, is relied on by petitioners. In that case,

the court held that the filling of a vacancy in the position of superintendent of machinery of the fire department was not discretionary with the fire marshall. The court stated that the fire marshall could not abolish a position which the City Council had created by not filling it. In the case at bar, however, the City Council expressly instructed the superintendent that he need not fill vacancies unless in his judgment and discretion there was a need for them to be filled.

The purpose of an interlocutory injunction is to maintain the status quo until a final hearing on the merits. A showing, however, should be made that there is a probability of ultimate success on the part of the party in favor of whom the injunction is asked, and if the petitioner can have no ultimate relief at the hearing of the case on its merits, he should not be granted an injunction. Chicago Motor Coach Co. v. Budd, 346 Ill App 385, 390, 105 NE2d 140, 143.

The writ of mandamus is a writ commanding an official or official board to perform a ministerial act where the law imposes a duty to act and no discretion is vested in the official or board. Grove v. Board of Sup'rs of Piatt County, 246 Ill App 241, 244. In order to warrant the issuance of a writ of mandamus, it must appear that the petitioner has a clear right to the performance of a particular act or duty by the respondent. No such right is shown by the pleadings, because the Superintendent of Police, under the facts and circumstances of this case, is under no legal duty to fill vacancies for the position of sergeant merely because appropriations have been made for such offices, at his request.

In the view we take of the case, it will not be necessary to discuss any other questions raised on appeal. The interlocutory orders restraining the superintendent from filling any office of sergeant of police from any

439

purported civil service list published on or after June 4, 1969, is hereby reversed and the petition dismissed.

Reversed and petition dismissed.

MURPHY and ADESKO, JJ., concur.