BEN PILLER *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF BEECHER *et al.*, Defendants-Appellees.

Third District   No. 78-11

Opinion filed October 25, 1978.

Stanley H. Jakala, of Berwyn, for appellants.

Clinton, Tongren & Grim, of Peotone, for appellees.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiffs appeal from an order dismissing their amended complaint in a mandamus action which was brought to obtain the discharge of Mervin Bewsey as chief of police of the Village of Beecher.

This unusual proceeding commenced when all of the members of the police department of the Village of Beecher joined together as plaintiffs and filed a complaint for mandamus which alleged numerous acts of misconduct and dereliction of duty on the part of the village police chief. The original complaint sought to have the Village Board directed to comply with certain police training standards, to conduct a hearing into allegedly improper conduct of the police chief, and to discharge the chief.

Shortly thereafter the Village Board met for the purpose of investigating the allegations of the complaint for mandamus. Before any witnesses were called or any evidence received, the Board heard statements from the village attorney, from Police Chief Bewsey's

attorney, and from plaintiffs' attorney. Chief Bewsey's counsel argued that the hearing was improper because plaintiffs had taken matters out of the hands of the Board by filing suit and that the circuit court now had jurisdiction to decide the merits of the case. After much disputation among those present, the Board voted to dismiss the proceedings, and the meeting adjourned.

Plaintiffs later filed an amended complaint which named Chief Bewsey as an additional defendant, restated some 20 instances of alleged misconduct, and prayed only that the village be directed to discharge the chief. The allegations of misconduct detailed several occurrences where the chief reprimanded an officer for assisting injured persons and where he gave instructions to prevent prosecution of criminals. He also allegedly diverted delivery of official police mail to his home during his vacation, refused to create a juvenile department, refused to institute an inventory system for property recovered during investigations and arrests, refused to authorize police training for a new officer, and committed other improper acts.

Each defendant filed a motion to dismiss the complaint, and after hearing arguments of counsel, the trial court granted the motions to dismiss with a written opinion stating the reasons for its decision. Plaintiff appeals from the dismissal, and we affirm.

Plaintiffs contend that the village, acting through the Village Board, gave the circuit court the right to intervene by arbitrarily refusing to act upon the allegations of the complaint and that the vote to dismiss the hearing was a waiver of the Board's right to act in favor of a judicial determination. Plaintiffs theorize that, as police officers, they have a clear legal right to the maintenance of "proper police discipline."

■■ In order to obtain a writ of mandamus, plaintiffs must show a clear legal right to the relief requested, and the performance of a duty or act involving the exercise of judgment or discretion is not subject to review or control by mandamus. (*People ex rel. Rappaport v. Drazek* (1st Dist. 1975), 30 Ill. App. 3d 310, 332 N.E.2d 532.) An exception to this general rule has been recognized in cases where there is a clear abuse of discretion or where an official arbitrarily refuses to exercise any discretion at all. (*E.g., People ex rel. Shell Oil Co. v. City of Chicago* (1st Dist. 1972), 9 Ill. App. 3d 242, 292 N.E.2d 84; *People ex rel. Collins v. Young* (3d Dist. 1967), 83 Ill. App. 2d 312, 227 N.E.2d 524.) It has been held that matters of promotion, discipline, and discharge of police officers are within the discretionary powers of the officials involved and not subject to review by means of mandamus. *People ex rel. Elmore v. Allman* (1943), 382 Ill. 156, 46 N.E.2d 974; *People ex rel. Hawkonsen v. Conlisk* (1st Dist. 1970), 119 Ill. App. 2d 431, 256 N.E.2d 99.

■■ The determinative issue in this case is whether plaintiffs have shown a clear legal right to compel the discharge of the police chief as well as a corresponding duty on the part of the Village Board to do the discharging. (See *Burns v. Board of Education* (5th Dist. 1977), 47 Ill. App. 3d 589, 362 N.E.2d 353.) Assuming the allegations of the complaint to be true, we think plaintiffs still are not entitled, as a matter of legal right, to compel the chief's discharge by means of mandamus. Appointment and discharge of a police chief are discretionary acts, not ministerial, and are not ordinarily subject to judicial review. This case does not come within the exceptions to the general rule. The Board's decision not to hold a hearing on charges filed in court can scarcely be characterized as arbitrary. We observe that plaintiffs do not claim to have filed any charges with the Board or to have requested the Board to act. Additionally, any Board action which might be contrary to an order of court would be of doubtful efficacy.

Finally plaintiff has not shown that the Village Board has authority to discharge the chief in any event. Under the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 3—11—1), removal powers are expressly vested in the mayor, not the Board.

By affirming the dismissal of this complaint, we do not intend to deny plaintiffs the right to seek redress of their grievances by other means. As the trial court noted in its opinion, some action is needed to rectify the conditions revealed by this proceeding.

For the reasons stated above, we affirm the dismissal order entered by the Circuit Court of Will County.

Affirmed.

ALLOY and STOUDER, JJ., concur.