25CA0933 Williams v CDOC 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0933
Crowley County District Court No. 25CV3
Honorable Samuel S. Vigil, Judge

---

Antonio Williams,

Plaintiff-Appellant,

v.

Executive Director of the CDOC and Warden of the Crowley County
Correctional Facility,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE HARRIS
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Antonio Williams, Pro Se

No Appearance for Defendants-Appellees

¶ 1     Plaintiff, Antonio Williams, appeals the dismissal of his complaint against defendants, the executive director of the Colorado Department of Corrections (CDOC) and the Warden of the Crowley County Correctional Facility.  We affirm.

## I.     Background

¶ 2     Williams is a CDOC inmate assigned to the Crowley County Correctional Facility.  In January 2025, proceeding pro se, he filed a form complaint, captioned "Rule 106.5 Complaint for Review of Quasi-Judicial Action of the CDOC," in the Crowley County District Court.

¶ 3     The complaint alleged as follows:

> On May 22, 2024, Unit 4 was shaked down by staff.  After being searched, I was told by staff that I had to go sit down in the pod with all the other prisoners in my boxers[,] [n]ot my State issued greens.  I made an issue and was cuffed up then walked to medical in my boxers.  After hours in medical I was told I had to walk back to the unit in my boxers.  This conduct was unbecoming of a [corrections officer] on grounds of [CDOC Administrative Regulation (AR)]# 1450-1.  It was unlawful discrimination and harassment on grounds of AR# 1450-5.  And a complete disrespect of the communication with prisoners on grounds of AR# 100-19.  For I was told by a staff member, "You all have had your say, now you will shut the fuck up or be cuffed the fuck up."  But

1

most importantly, all of this violates my due
process rights. For I was humiliated in not
being allowed to wear my State issued
clothing.

¶ 4    In the section entitled "relief requested," Williams wrote:

For the staff that took part in the shake down,
AR# 1450-12 needs to be imposed. For it is
clear they don't know or care about due
process. I still want my radio back or the
amount of what it's worth. And I would like
$1,000. Plus to be removed from this yard.
For I have already been retaliated on by the
Asst. Warden and grievance coordinator V.
Denbaugh.

¶ 5    The defendants moved to dismiss the complaint on the ground
that the district court lacked jurisdiction because Williams did not
allege, and the record did not reveal, any quasi-judicial action by
CDOC or its employees — a prerequisite for a C.R.C.P. 106.5 claim.
A magistrate granted the motion to dismiss, concluding that
Williams failed to state a claim on which relief could be granted
because he had "fail[ed] to establish a quasi-judicial action that
th[e] Court c[ould] review."

¶ 6    Williams filed an objection to the magistrate's order, which the
district court construed as a petition for review. *See* C.R.M. 7(d) (a
magistrate's order is appealed by filing a petition for review in the

district court). Because Williams asserted in his objection that his complaint's caption was a misnomer and he had intended to bring claims under C.R.C.P. 106 generally, the district court considered whether Williams's allegations stated a claim under Rule 106.5 or any of Rule 106's provisions.

¶ 7 The district court first determined that the complaint did not state a claim under Rule 106.5 or Rule 106(a)(4) because Williams had not alleged any quasi-judicial action by the CDOC employees. The court then determined that Williams's request that the CDOC employees be disciplined for failing to comply with the CDOC ARs did not state a claim under Rule 106(a)(2) because whether to impose discipline on its employees is a discretionary decision for the CDOC, and Rule 106(a)(2) does not apply to discretionary decisions. Accordingly, the district court affirmed the magistrate's order and dismissed the complaint.

## II. Discussion

¶ 8 On appeal, Williams says that the complaint should not have been dismissed because it asserted viable claims that the defendants failed to follow CDOC ARs and deprived him of his due process rights.

### A. Standard of Review

¶ 9    To avoid dismissal under C.R.C.P. 12(b)(5), a complaint must "allege sufficient facts that, if taken as true, show plausible grounds to support a claim for relief." *Jagged Peak Energy Inc. v. Okla. Police Pension & Ret. Sys.*, 2022 CO 54, ¶ 25; *accord Warne v. Hall*, 2016 CO 50, ¶¶ 9, 24. To satisfy the plausibility standard, the complaint need not set forth a prima facie case for each element, but it must contain "allegations respecting all the material elements [of the particular cause of action] necessary to sustain a recovery under some viable legal theory." *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 51 (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).

¶ 10    We review de novo the district court's dismissal of a complaint under Rule 12(b)(5). *Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 11.

### B. The Complaint Fails to State a Claim on Which Relief Can be Granted

¶ 11    We begin with two overarching principles: First, we "liberally construe the pleadings and resolve all doubts in favor of the pleader," *Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 859 (Colo. App. 2007); *see also Jones v. Williams*, 2019 CO 61, ¶ 5

(courts construe a pro se litigant's pleadings broadly), and second, the complaint's substance, rather than its appellation, controls, *see Plains Metro. Dist. v. Ken-Caryl Ranch Metro. Dist.*, 250 P.3d 697, 701 (Colo. App. 2010), *aff'd*, 2012 CO 61.

¶ 12 Therefore, our task is to review Williams's complaint broadly to determine whether the substantive law provides relief on any theory, given the facts alleged in the complaint. *See Hannon L. Firm, LLC v. Melat, Pressman & Higbie, LLP*, 293 P.3d 55, 62 (Colo. App. 2011).

### 1. The Complaint Does Not State a Claim Under Rule 106.5

¶ 13 C.R.C.P. 106.5, entitled "Correctional Facility Quasi-Judicial Hearing Review," only "applies to [an] action brought by an inmate to review a decision resulting from a quasi-judicial hearing of any facility of the [CDOC] . . . involving a CDOC inmate for events that occurred at the facility." The form complaint lists the types of hearings reviewable under Rule 106.5: code of penal discipline convictions under AR 150-01, restrictive housing (administrative segregation) orders under AR 650-03, and sex offender classifications under AR 750-02.

¶ 14 Willams's complaint did not seek review of a decision resulting from a CDOC hearing, which he has acknowledged in later filings. Therefore, we agree with the magistrate and the district court that the complaint does not state a claim for relief under Rule 106.5.

2. The Complaint Does Not State a Claim Under Rule 106(a)(4)

¶ 15 C.R.C.P. 106(a)(4) is broader than Rule 106.5. Under Rule 106(a)(4), a person may challenge any quasi-judicial action by a governmental body on the ground that the governmental body exceeded its jurisdiction or abused its discretion. Quasi-judicial actions (as opposed to legislative or quasi-legislative actions) "generally involve a determination of the rights, duties, or obligations of specific individuals based on the application of existing legal standards to facts developed at a hearing." *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 879 (Colo. App. 2003). In other words, to say that officials have acted in a "quasi-judicial" role means they have acted sort of like judges — they have determined facts from evidence (usually presented at a hearing) and then applied the law to those facts and issued a decision. *See Widder v. Durango Sch. Dist. No. 9-R*, 85 P.3d 518, 527 (Colo. 2004) ("'Quasi-

judicial' decision making, as its name connotes, bears similarities to the adjudicatory function performed by courts.").

¶ 16    But again, Williams has not alleged that any official acted in a quasi-judicial role by holding a hearing, determining facts, and applying generally applicable legal standards to the facts to arrive at a decision that could be reviewed for an abuse of discretion. Nor has he alleged that a particular policy was applied to him in an unlawful manner. *See Verrier*, 77 P.3d at 879 (explaining that the inmate's claim might have arisen under C.R.C.P. 106(a)(4) if he sought review of "the application of [a CDOC] policy to his situation").

¶ 17    Therefore, we agree with the district court that Williams's complaint did not state a claim for relief under Rule 106(a)(4).

    3.    The Complaint Does Not State a Claim Under Rule 106(a)(2)

¶ 18    Williams's complaint alleged that the corrections officers involved in the incident violated various CDOC ARs. Williams requested that those officers be disciplined pursuant to AR 1450-12, which provides "guidelines for appointing authorities and their designees when it becomes their responsibility to administer corrective and/or disciplinary action to an employee." DOC Admin.

Reg. 1450-12(II).  The district court, construing Williams's complaint broadly, considered whether his request stated a claim for relief under C.R.C.P. 106(a)(2) and determined that it did not.

¶ 19    Under Rule 106(a)(2), a mandamus action may be brought to compel a governmental body to perform an act that it has a duty under the law to perform.  *Gandy v. Williams*, 2019 COA 118, ¶ 24. A court can grant mandamus relief only if (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform the act requested; and (3) no other remedy is available. *Owens v. Carlson*, 2022 CO 33, ¶ 21.  Thus, relief under Rule 106(a)(2) is appropriate only to "compel the performance of purely ministerial duties involving no discretionary rights and no exercise of judgment."  *Gandy*, ¶ 24.

¶ 20    "[M]atters of promotion, discipline, and discharge of [law enforcement] officers are within the discretionary powers of the officials involved and not subject to review by means of mandamus."  *Piller v. Village of Beecher*, 381 N.E.2d 1209, 1210 (Ill. App. Ct. 1978).  Thus, the district court could not have used Rule 106(a)(2) to compel the CDOC to take disciplinary action against the corrections officers.

¶ 21    Accordingly, we agree with the district court that Williams did not state a claim for mandamus relief under Rule 106(a)(2).

4.    The Complaint Does Not State a Claim Under § 1983

¶ 22    On appeal, Williams emphasizes that he intended to assert a claim against the corrections officers for violating his rights under the Due Process Clause of the federal constitution.  That kind of a claim is cognizable under 42 U.S.C. § 1983.  *See Henderson v. Gunther*, 931 P.2d 1150, 1154 (Colo. 1997) ("Section 1983 is an enforcement mechanism for the provisions of the Fourteenth Amendment to the Constitution.").

¶ 23    To state a claim under § 1983, a plaintiff must allege that the defendants are persons (1) who acted under color of law and (2) who violated his constitutional rights.  This is the first problem with Williams's complaint: He did not sue the persons who he claims violated his constitutional rights; he sued the CDOC's executive director and the prison's warden.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[V]icarious liability is inapplicable to . . . § 1983 suits . . . ."); *Venema v. West,* 133 F.4th 625, 633 (6th Cir. 2025) (Under § 1983, "[a]n official cannot be held liable for the

constitutional violations of subordinates under a theory of *respondeat superior*.").

¶ 24    Even setting that problem aside, Williams's constitutional claim fails as a matter of law.

¶ 25    The Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  The Clause encompasses two forms of protection: procedural due process, which requires a State to use fair procedures when depriving a person of a protected interest, and substantive due process, which prohibits the State from depriving a person of a protected interest for certain reasons.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).  To show either kind of due process violation, the plaintiff must first identify a liberty or property interest at stake.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

¶ 26    The Supreme Court has recognized that one aspect of the "liberty" protected by the Due Process Clause is the right of bodily privacy or integrity.  *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).  Prison inmates retain a limited right to bodily privacy under the Fourteenth Amendment.  *See Cumbey v. Meachum*, 684 F.2d

10

712, 714 (10th Cir. 1982) ("Although the inmates' right to privacy must yield to the penal institution's need to maintain security, it does not vanish altogether."). However, when a constitutional claim is covered by a specific constitutional provision, the validity of the claim must be analyzed under the standard applicable to that provision, not under an amorphous substantive due process standard. *Graham v. Connor,* 490 U.S. 386, 395 (1989). Because the Eighth Amendment "stands as the primary constitutional limitation associated with an inmate's bodily integrity," *Wilkins v. Upton,* 639 F. App'x 941, 944-45 (4th Cir. 2016) (per curiam), courts generally evaluate the validity of an inmate's bodily privacy claim under an Eighth Amendment standard, *see, e.g., Cumbey,* 684 F.2d at 714; *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir. 1997).

¶ 27    An Eighth Amendment claim has both an objective and subjective component. *Hudson v. McMillian,* 503 U.S. 1, 8 (1992). Thus, it must appear from the complaint that the conduct was objectively "harmful enough" to violate the Constitution, and that the defendant official acted with a "sufficiently culpable state of

mind." *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

¶ 28    And here is the second problem with Williams's complaint: The alleged conduct in this case — forcing Williams to walk to the medical unit in his boxer shorts — is not "harmful enough" to state a claim that his constitutional right to bodily privacy was violated. *See Dixon v. Atwood*, No. 24-CV-002, 2025 WL 948302, at *2 (E.D. Okla. Mar. 28, 2025) (unpublished opinion and order) (allegation that corrections officer repeatedly watched the plaintiff inmate use the bathroom did not rise to the level of a constitutional violation); *Grant v. Reynolds*, No. 23-CV-461, 2025 WL 750614, at *3 (S.D. Ala. Feb. 12, 2025) (unpublished report and recommendation) (rejecting plaintiff's due process claim that he was arbitrarily forced to strip naked and expose himself in front of other inmates because "being viewed naked by inmates or officers of the same sex" does not amount to a constitutional violation), *adopted*, 2025 WL 747518 (S.D. Ala. Mar. 7, 2025) (unpublished order); *Thompson v. Lengrich*, No. 18-CV-00588, 2022 WL 1177840, at *8 (D. Colo. Feb. 28, 2022) (unpublished recommendation) ("[C]ourts have repeatedly rejected claims that prisoners have a right to bodily privacy that protects

12

them from being viewed by other inmates of the same sex."), *adopted sub nom.*, *Thompson v. Lengerich*, 2022 WL 910703 (D. Colo. Mar. 29, 2022) (unpublished order), *aff'd*, No. 22-1128, 2023 WL 2028961 (10th Cir. Feb. 16, 2023) (unpublished order and judgment); *Harrison v. Carter*, No. 13-CV-00011, 2013 WL 2443845, at *3 (N.D. Ala. May 30, 2013) (unpublished opinion) ("There is no specific right of privacy for prisoners with respect to their being forced to disrobe in front of members of the same sex."); *Guy v. Tanner*, No. 12-CV-187, 2012 WL 1565425, at *3 (E.D. La. Mar. 20, 2012) (unpublished report and recommendation) ("As to plaintiff's allegation that prison guards, both male and female, are able to view him on the monitors undressing, using the bathroom, and taking showers, that allegation, even if true, implicates no protected constitutional right."), *adopted*, 2012 WL 1565421 (E.D. La. May 2, 2012) (unpublished order); *cf. Colbruno v. Kessler*, 928 F.3d 1155, 1164 (10th Cir. 2019) (holding pretrial detainee stated a viable due process claim when he alleged that prison officials walked naked detainee through public areas of hospital).

¶ 29     Therefore, even construing Williams's complaint to raise a constitutional claim, the allegations are insufficient to state a plausible claim for relief under § 1983.

¶ 30     In sum, whether Williams's complaint is analyzed under C.R.C.P. 106 or 106.5, or under § 1983, it fails to state a claim on which relief can be granted.  Accordingly, the district court did not err by dismissing it.

## III.    Disposition

¶ 31     The judgment is affirmed.

JUDGE DUNN and JUDGE MOULTRIE concur.